## NICHOLSON v. CINQUE.

(Supreme Court, Appellate Division, Second Department.   April 14, 1900.)

1. MORTGAGES—FORECLOSURE—EXTENSION.

No action can be maintained on a mortgage where it appears by the evidence that the mortgagee had agreed to extend the mortgage, and to build a house, on the payment of a certain sum by the husband of the mortgagor, and that the sum had been paid.

2. SAME—PAYMENT.

A mortgagee agreed with the husband of the mortgagor that he would build the husband a house, and, when completed, convey it to him, and that in case of a breach of this agreement any money advanced by the latter should be applied on the mortgage. *Held* that, where the mortgagee conveyed the house to another, no right of action existed on the mortgage until the husband knew of such conveyance, and until demand of payment was made.

Appeal from special term, Kings county.

Suit by Alexander G. Nicholson against Theresa Cinque to foreclose a mortgage. From a judgment for defendant, plaintiff appeals. Judgment modified and complaint dismissed without prejudice.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

J. Stewart Ross, for appellant.

Charles A. Winter (Ferdinand E. M. Bullowa, on the brief), for respondent.

WILLARD BARTLETT, J. The mortgage in suit was made by Theresa Cinque to secure the payment to Edward S. Flavell of the

sum of $1,200; $15 being payable on the 1st day of every month, beginning on August 1, 1897. The action was begun on September 21, 1898. The complainant alleged that the mortgagor had failed to comply with the conditions of the mortgage, by omitting to pay the sum of $15, interest and installment of principal, which became due and payable on the 1st day of each month between December 1, 1897, and September 1, 1898, inclusive, and that by reason of such default the plaintiff had elected to consider the entire principal, amounting to $1,072.27, to be presently due and payable. The plaintiff, Alexander G. Nicholson, sued as the assignee of the mortgage. The answer denied that any sum whatever was due upon the mortgage, and alleged that the plaintiff was not the real party in interest, but merely the agent of Edward S. Flavell, the mortgagee. It also set up two affirmative defenses. In the first of these the defendant alleged that on or about the 10th day of January, 1898, Edward S. Flavell, the mortgagee, entered into an agreement with one Giuseppe Cinque extending the time for the payment of the principal, and waiving the interest upon the mortgage until after the said Edward S. Flavell had performed other certain agreements which he entered into with the said Giuseppe Cinque at the same time; that said agreement of extension was made for the benefit of the defendant, Theresa Cinque; and that the said Edward S. Flavell had not performed the other contemporaneous agreements already mentioned. The other affirmative defense was simply a more detailed statement of the same transaction, with the additional specification that Giuseppe Cinque advanced more than $1,000 to the said Edward S. Flavell as a consideration for the agreement of the latter extending the time to pay the mortgage and interest thereon.

The evidence given in behalf of the defendant on the trial was ample to sustain the finding of the learned judge at special term to the effect that the contract had been made between Edward S. Flavell, the mortgagee, and Giuseppe Cinque, the husband of the mortgagor, extending the time for the payment of the mortgage, so that no suit was maintainable thereon at the time of the commencement of this action. Flavell agreed with Cinque to build a house, and convey it to him when completed. According to Cinque's testimony, Flavell agreed that, in case the house should not be completed or conveyed to Cinque, any money advanced by Cinque for the purpose of completing it should be applied in payment of the mortgage in suit. Cinque advanced $1,022 to Flavell under this agreement, but Flavell, instead of conveying the house to Cinque, conveyed it to somebody else. The legal effect of these transactions was to suspend for the time being all right to enforce payment of the installments and interest payable by the terms of the mortgage, and to entitle the mortgagor to have credited upon the mortgage the $1,022 paid by Giuseppe Cinque to Flavell. The learned trial judge held that this $1,022 sufficed to pay the mortgage in full, but I do not see how this result was arrived at. The amount secured by the mortgage was $1,200. The aggregate payments thereon were $145. The difference is $1,055, and it is impossible to see how this amount could be fully paid by $1,022. It seems to me, therefore, that the judgment must be modified so as to

declare that the mortgage described in the complaint is paid to the extent of $1,022, instead of declaring that it is paid in full. A small sum still appears to be due. The right to sue for this, however, is not shown to have accrued at the time the present action was commenced. In view of what had occurred between the parties, I do not think that a suit could be maintained to foreclose the mortgage for this balance until after Giuseppe Cinque had ascertained that Flavell had conveyed the house upon which the $1,022 had been advanced, and therefore did not propose to carry out his agreement. The evidence does not indicate that he became aware of this fact before the present suit was begun. It was probably also necessary, under the circumstances, that the mortgagee or his assignee should make a demand upon the mortgagor for the payment of this balance before the mortgage could be foreclosed on account of its nonpayment. Although no plea of payment was made, the testimony tending to show partial payment to the extent of $1,022 was received without objection, and, if necessary, the answer could be deemed amended to support the finding to the effect that this amount was paid on account of the mortgage. The judgment should be modified so as to declare that the mortgage is paid to the extent of $1,022, and that the complaint is dismissed, without prejudice, however, to the institution of another action to foreclose the mortgage on account of the balance apparently due thereon.

Judgment modified in accordance with opinion of BARTLETT, J., and, as modified, affirmed, with costs. All concur.